UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOHAMMED MOSA YAAKOOBI | : | |
| (a/k/a Mohammed Mosa Yakoobi, | : | |
| Mohammed Yacoub), | : | |
| *et al.*, | : | |
| | : | |
| *Petitioners,* | : | |
| v. | : | |
| | : | |
| GEORGE W. BUSH, | : | Civil Action No. 06-cv-01683-RWR |
| *et al.* | : | |
| | : | |
| *Respondents.* | : | |

### NOTICE OF INTENTION TO FILE DTA PETITION
### IN THE CIRCUIT COURT OF APPEALS
### AND MOTION FOR STAY-AND-ABEY ORDER

PETITIONER Mohammed Mosa Yaakoobi, acting on his own behalf and through his Next Friend, Abdul Majid, and by and through his undersigned counsel, notifies the Court of the petitioner's intention to file a Petition pursuant to the Detainee Treatment Act of 2005 (the "DTA") with the Court of Appeals for the District of Columbia. The DTA Petition is being filed in light of the statement of Justices Stevens and Kennedy on the denial of certiorari in *Boumediene v. Bush* regarding the exhaustion of available remedies under the DTA. *Boumediene v. Bush*, Nos. 06-1195 & 06-1196, 2007 WL 957363, at * 1 (U.S. Apr. 2, 2007). The petitioner hereby requests that this Court enter a "stay and abey" order while the issue of jurisdiction is litigated and while his action under the DTA is processed in the appellate court. The DTA litigation will provide the petitioner and this Court requisite information regarding disputed jurisdictional questions pending before this Court, and may result in a remand to this Court based on the military's lack of initial jurisdiction over the petitioner, or lead to a limited

remand to this Court for resolution of controverted facts, or render moot some or all of the claims pending before this Court.

    A.    **The Supreme Court Has Approved The Procedure Of Entering An Order Staying the Federal Habeas Proceeding and Holding The Case in Abeyance While The Potential Remedy Is Exhausted**

In *Rhines v. Weber*, 541 U.S. 269 (2005), the Supreme Court explicitly approved the stay-and-abey procedure in the context of federal habeas corpus proceedings. In that case the petitioner had filed a mixed habeas petition in federal court – one containing both claims exhausted through the state court system and unexhausted claims. Given the major procedural risks of a dismissal order, the Court found that District Courts have discretion to enter stay-and-abey orders in the federal habeas case while the unexhausted claims are presented to state court. The federal habeas corpus case is stayed and held in abeyance for a reasonable time while available state remedies are exhausted.

The *Rhines* court found three preconditions for, in effect, mandatory stay-and-abey. In the absence of intentional dilatory tactics by the petitioner, "it would likely be an abuse of discretion to deny a stay and to dismiss" a petition if the petitioner has good cause for the failure to exhaust and the unexhausted claims are potentially meritorious. *Rhines*, 544 at 278; *accord Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). The conditions under which failure to stay-and-abey would constitute an abuse of discretion – no deliberate delay, good cause, and potentially meritorious claims – are abundantly present in this case.

First, the Petitioner is a poor and illiterate Afghani who was not represented by counsel and denied access to family and/or any opportunity to confer with counsel until his brother, acting as next friend, authorized the Center for Constitutional Rights to secure legal representation on his behalf in 2006. Further, while attorneys at CCR filed this petition for

issuance of habeas corpus in September 2006, and the undersigned counsel entered our appearance in January 2007 on his behalf, and to date the United States has refused to permit access to him by the undersigned counsel under the Amended Protective Orders previously entered by this Court.[1] Shortly after his habeas petition was filed, the United States Supreme Court denied certiorari in *Boumediene v. Bush*, necessitating the present motion. The Petitioner had nothing to gain and everything to lose by delaying his habeas case. Every day that went by without judicial relief was another day that Petitioner was forced to remain in Guantanamo Bay under abhorrent conditions.

Second, the Detainee Treatment Act of 2005 and Military Commission Act of 2006 have resulted in major complexities for many Guantanamo Bay detainees. The Petitioner, from another country, illiterate and unable to speak English, has faced numerous obstacles in his quest to adjudicate his rights. The Petitioner's counsel felt that he could best defend his rights by filing a habeas corpus petition in this Court along with many other detainees. Therefore, Petitioner had excellent reasons for not initiating the DTA procedures until the denial of certiorari in *Boumediene*.

Third, the claims raised both in this Court and to be raised on the DTA Petition are meritorious. The extraordinary factual development in this case establishes the Petitioner's tragic situation. Petitioner is an illiterate Afghani who lost his left leg <u>before</u> the invasion of Afghanistan by the United States. After the invasion, he was detained by the Northern Alliance and because his family was unable to pay the bounty demanded by the Northern Alliance for release, he was turned over to the United States and ultimately incarcerated at Guantanamo Bay. Unable to speak English, he has had no access to counsel and no opportunity to review and rebut

---

[1] The Amended Protective Orders were first entered by then coordinating Judge Joyce Hens Green in the *In Re Guantánamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. 2004),

the classified information that conceivably justifies his ongoing detention: the unclassified and undated transcripts of a Combatant Status Review Tribunal ("CSRT") and Annual Review Board ("ARB") are available at http://www.dod.mil/pubs/foi/detainees/csrt/index.html and contain exculpatory information, making clear that he is not a "enemy combatant." Department of Defense, CSRT and ARB Documents, http://www.dod.mil/pubs/foi/detainees/csrt/index.html (last visited April 9, 2007). That fact, combined with other circumstances detailed in the Petitioner's CSRT transcript and ARB proceedings make it highly unlikely that the Petitioner engaged in any hostilities against the United States. Department of Defense, CSRT and ARB Documents, http://www.dod.mil/pubs/foi/detainees/csrt/index.html (last visited April 9, 2007).

Numerous violations of the Department of Defense's own standards and procedures as well as the laws and Constitution of the United States are also evident in the Petitioner's CSRT transcript and ARB proceedings.

In the event the case is remanded, or if the DTA procedures prove an inadequate substitute for constitutionally-required habeas corpus procedures, this Court should be in position to proceed immediately on the issues raised. Under the controlling authority of *Rhines*, the Court should enter an order staying the case and holding the disposition of the merits in abeyance pending the outcome of the Petition For Immediate Release And Other Relief Under The Detainee Treatment Act Of 2005.

**B.     Maintenance Of The Status Quo Is Necessary For Adequate Exhaustion Of The DTA Proceedings In The Court Of Appeals.**

The Respondents oppose the motion for a stay-and-abey order. In the statement accompanying the *Boumediene* order, two Justices stated: "Were the Government to take additional steps to prejudice the position of petitioners in seeking review in this Court, 'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the office and

purposes of the writ of habeas corpus are not compromised.'" 2007 WL 957363 (Justices Stevens and Kennedy, statement respecting the denial of certiorari). Any government action to limit the current level of access by counsel to the petitioner severely prejudices both the DTA action and the habeas litigation. This Court should carefully protect the status quo by granting the stay-and-abey order to assure the petitioner is not prejudiced in his ability to litigate the DTA action and to preserve potential remedies before this Court.

The development of the necessary facts and the need for client consultation are basic to the attorney-client relationship. Under the ethical rules, the client must have the opportunity to advise the attorney of relevant facts, to provide direction in the litigation, and to participate in tactical and strategic decisions. To accomplish these ethical obligations under the circumstances of Guantanamo detention has been a challenge. Any disruption of the status quo would severely injure the petitioner's ability to litigate the DTA proceedings and to maintain his separate claims for relief that are pending before this Court.

The Petitioner has been imprisoned in Guantanamo Bay for more than four years. Petitioner has never had access to counsel or the ability to send or receive communications from his attorneys. Sadly, Petitioner has not had the opportunity to have any meaningful communication with his family in Afghanistan, including his child, in all this time.

Counsel was notified on February 22, 2007 that Petitioner was cleared for release from Guantanamo Bay. The notification read in part:

> As you know, such a decision does not equate to a determination that your client is not an enemy combatant, nor is it a determination that he does not pose a threat to the United States or its allies. I cannot provide you any information regarding when your client may be leaving Guantanamo as his departure is subject to ongoing discussions. E-mail from David N. Cooper, Lt. Col, USAFR, Staff Judge Advocate, Office for the Administrative Review of the Detention of Enemy Combatants, to J. Wells Dixon and Gitanjali Gutierrez, Center for Constitutional Rights (Feb. 22, 2007, 04:54PM EST).

Therefore, even if the Petitioner is released from Guantanamo Bay he is subject to a continuing "enemy combatant" classification. This emphasizes the need to preserve potential remedies under this Court because of the high stakes involved. Petitioner could be sent to a prison in Afghanistan in a very period of time and it is essential that all of his rights be preserved for a reasonable time period.

This Court has pending many pleadings regarding the Court's jurisdiction and authority to grant relief to the petitioner. The denial of certiorari in *Boumediene* leaves unanswered predicate questions necessary to deciding the issues before the Court including: Does the DTA provide a forum for resolving issues regarding unlawful detention coextensive with traditional habeas corpus? Is the government taking "additional steps to prejudice the position of petitioners in seeking review of this Court" and, if so, should this Court "act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised"?

On the underlying questions regarding elimination of the writ of habeas corpus, because the constitutional question is contingent on the effectiveness of the DTA procedures, this Court has jurisdiction to determine its own jurisdiction. *Kircher v. Putnam Funds Trust*, 126 S.Ct. 2145, 2155 (2006) (a federal court's adjudicatory authority includes "its authority to determine its own jurisdiction"); *see also Ex parte Milligan*, 71 U.S. 2, 118, 131 (1866) (Court reviewed the underlying facts to determine that the predicates for military jurisdiction were lacking and granted writ of habeas corpus). The Court has insufficient information to answer a number of questions the DTA proceedings will answer. Further, if this Court eventually reaches the jurisdictional and constitutional questions, and rules adversely to the petitioner, the Court must provide an adequate record for appellate and Supreme Court review, which requires that the present case remain in place until after the petitioner has exhausted the DTA procedures. During

that process, the government should be foreclosed from prejudicing the petitioner's ability to litigate – at the District Court or Circuit Court level – these questions of obvious and historical importance.

**Conclusion**

For the foregoing reasons, this Court should enter an order preserving the status quo by continuing its stay of litigation going to the merits of the pending petition for a writ of habeas corpus and holding such litigation in abeyance pending the outcome of the petitioner's Petition For Immediate Release and Other Relief Under The Detainee Treatment Act of 2005.

Dated:  April 20, 2007

/s/ Deming E. Sherman
/s/ Patricia A. Sullivan
Deming E. Sherman (#1138)
Patricia A. Sullivan (#2120)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel: (401) 274-9200
Fax: (401) 276-6625

and

Jared A. Goldstein
ROGER WILLIAMS UNIVERSITY
 SCHOOL OF LAW
Ten Metacom Avenue
Bristol, RI  02809
Tel: (401) 254-4594

- 8 -

        Michael Ratner
        Shayana Kadidal
        J. Wells Dixon
        CENTER FOR CONSTITUTIONAL RIGHTS
        666 Broadway, 7th Floor
        New York, New York 10012
        Tel: (212) 614-6464
        Fax: (212) 614-6499

        *Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2007, a true copy of the foregoing document was served upon each attorney of record listed below by electronic filing, via ECF, of this document with the United States District Court for the District of Columbia:

Judry L. Subar                                        Email:  judry.subar@usdoj.gov
Terry M. Henry                                     Email:  terry.henry@usdoj.gov

*Attorneys for Respondents*

/s/ Patricia A. Sullivan
_____
Patricia A. Sullivan


/s/ Deming E. Sherman
_____
Deming E. Sherman